384-07/MEU/LJK
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendants
BOSSE SHIPPING LTD., and
HOLY HOUSE SHIPPING AB
80 Pine Street
New York, NY 10005-1759
Telephone: 212 425-1900
Facsimile: 212 425-1901
Michael E. Unger (MU0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHIQUITA INTERNATIONAL LIMITED and
GREAT WHITE FLEET LIMITED,                                          **07 CIV 6786 (PKL)**

                                    Plaintiffs,                    **ANSWER TO**
                                                                   **VERIFIED COMPLAINT**

            -against-

M/V BOSSE, her engines, boilers, tackle, furniture,
Apparel, etc., *in rem*, BOSSE SHIPPING LTD., and
HOLY HOUSE SHIPPING AB, *in personam*,

                                    Defendants.
-----------------------------------------------------------------x

Defendants BOSSE SHIPPING LTD. (hereinafter "BOSSE") and HOLY

HOUSE SHIPPING AB (hereinafter "HOLY HOUSE") through their attorneys

Freehill, Hogan & Mahar, LLP, respond, upon information and belief, to the Verified

Complaint of Plaintiffs  CHIQUITA INTERNATIONAL LIMITED (hereinafter

"CHIQUITA") and GREAT WHITE FLEET LIMITED (hereinafter "GWF")  as

follows:

NYDOCS1/293603.2

1.     DENY knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Verified Complaint.

2.     DENY knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Verified Complaint.

3.     ADMIT that GWF was the charterer of the M/V BOSSE in April/May 2005, but except as so specifically ADMITTED, DENY knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Verified Complaint.

4.     ADMIT that at all material times, the MV BOSSE was and is an oceangoing reefer vessel built in 1984, that in April, 2005 was flagged in the Cayman Islands and had the call sign of ZCGN8, which engages in the carriage of merchandise by water for hire between various foreign ports, but except as so specifically ADMITTED, DENY each and every remaining allegation contained in Paragraph 4 of the Verified Complaint.

5.     ADMIT that at all material times, defendant BOSSE Shipping Ltd. (BOSSE) is a foreign company with an office in Georgetown, Grand Cayman, Cayman Islands and owns the MV BOSSE that operate between various foreign ports, but except as so specifically ADMITTED, DENY each and every remaining allegation contained in Paragraph 5 of the Verified Complaint.

6.     ADMIT that at all material times, defendant Holy House Shipping AB is a foreign company with an office address of Kungsgatan 55, P.O. Box 1150, S-111

81 Stockholm, Sweden that manages ships, including the M/V BOSSE, that operate between various foreign ports, but except as so specifically ADMITTED, DENY each and every allegation contained in Paragraph 6 of the Verified Complaint.

7.    ADMIT that Holy House became the ship manager for the M/V BOSSE in January 2002, but except as so specifically ADMITTED, DENY each and every allegation contained in Paragraph 7 of the Verified Complaint.

8.    ADMIT that on or about April 1, 2005, BOSSE entered into a maritime contract of charter party on an amended BALTIME form with GWF for the use of the vessel M/V BOSSE in worldwide trading always within I.W.L., trading to exclude Iraq, Cuba, Turkish Occupied Cyprus, war and war-like zones and U.N. and USA embargoed countries, and trading to further exclude East Mediterranean, but trading to include Egypt, Turkey, Lebanon, Greece and Syria, but except as so specifically ADMITTED, DENY each and every allegation contained in Paragraph 8 of the Verified Complaint.

9.    DENY knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Verified Complaint.

10.    ADMIT that on April 11, 2005, CHIQUITA and/or its representatives delivered to the M/V BOSSE, at the port of Moin, Costa Rica, a cargo of 195,049 boxes of bananas for carriage aboard the M/V BOSSE in accordance with the terms of one or more bills of lading, which were then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of

defendant BOSSE and the M/V BOSSE, but except as so specifically ADMITTED, DENY each and every allegation contained in Paragraph 10 of the Verified Complaint.

11.    No response is necessary as to the allegations contained in paragraph 11 of the Verified Complaint.

12.    ADMIT that when the vessel arrived in Tartous, Syria the vessel was arrested by local authorities from about May 2, 2005 until May 9, 2005, but except as so specifically ADMITTED, DENY each and every allegation contained in Paragraph 12 of the Verified Complaint.

13.    DENY each and every allegation contained in Paragraph 13 of the Verified Complaint.

14.    DENY each and every allegation contained in Paragraph 14 of the Verified Complaint.

15.    DENY each and every allegation contained in Paragraph 15 of the Verified Complaint.

16.    DENY knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Verified Complaint.

17.    DENY each and every allegation contained in Paragraph 17 of the Verified Complaint.

18.    DENY each and every allegation contained in Paragraph 18 of the Verified Complaint.

19.     DENY each and every allegation contained in Paragraph 19 of the Verified Complaint.

20.     DENY each and every allegation contained in Paragraph 20 of the Verified Complaint.

21.     DENY each and every allegation contained in Paragraph 21 of the Verified Complaint.

22.     DENY each and every allegation contained in Paragraph 22 of the Verified Complaint.

### FURTHER ANSWERING THE COMPLAINT AND AS AND FOR SEPARATE PARTIAL AND OR COMPLETE DEFENSES THERETO DEFENDANTS BOSSE SHIPPING LTD. and HOLY HOUSE SHIPPING AB ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:

23.     That the said shipment as described in Plaintiffs' Verified Complaint is subject to all the terms, conditions and exceptions contained in (a) certain bill(s) of lading then and there issued, by which the shippers and consignees of said bill(s) of lading agree to be and are bound.

24.     Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bill(s) of lading.

25.     Any shortage, loss and/or damage to the shipment in suit or other loss alleged by Plaintiffs, which Defendants specifically deny, was due to causes for which the Defendants are not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, approved April 16, 1936, and/or the provisions of the

said bill(s) of lading, (charter party) and/or the General Maritime Law and/or applicable foreign law.

26.    Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

27.    That if the goods in suit were damaged or Plaintiffs suffered other losses in respect to the shipment, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the shipowner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(0) and (n), and by the terms of the contract of carriage.

28.    That if the goods in suit were damaged or Plaintiffs suffered other losses in respect to the shipment, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which the shipowner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(m), and by the terms of the contract of carriage.

29.    Plaintiffs have failed to properly and fully mitigate the damages alleged in their Complaint.

30.    The Complaint fails to state a cause of action upon which relief can be granted as against the Defendants.

31.     At all times Defendant HOLY HOUSE acted solely as the agent for its disclosed principal, BOSSE.

32.     The maximum liability of defendant(s), if any, is $500 per package or per customary freight unit as agreed to in the provisions of the bill(s) of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

33.     Plaintiffs have improperly and/or insufficiently served process upon the defendants BOSSE and HOLY HOUSE.

34.     If the goods in suit were lost and/or damaged or Plaintiffs suffered other losses in respect to the shipment, which is denied, the loss and/or damage was proximately caused by a Restraint of Princes and Act of Civil Strife, for which the Defendants are not liable under the Carriage of Goods by Sea Act, 46 U.S.C § 1304(2)(g) and (k) and by the terms of the contract of carriage.

35.     Plaintiffs are not the real parties in interest with regard to the shipment in suit.

36.     That if the goods in suit were damaged or Plaintiffs suffered other losses in respect to the shipment, which is denied, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(Q).

37.    The claims asserted by Plaintiff GWF are subject to arbitration in London pursuant to the terms of the charter party entered between Plaintiff GWF and Defendant BOSSE which specifically reserves its rights to arbitrate.

38.    The Court lacks *in rem* jurisdiction over the Defendant vessel.

**W H E R E F O R E**, Defendants BOSSE SHIPPING LTD. and HOLY HOUSE SHIPPING AB demand judgment dismissing the Verified Complaint herein, together with costs and disbursements of this action, and for such other and further relief as in the premises may be just and proper.

Dated: New York, New York
      November 19, 2007

FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendants
BOSSE SHIPPING LTD. and
HOLY HOUSE SHIPPING AB

By: _____
     Michael E. Unger (MU0045)
     80 Pine Street
     New York, NY 10005-1759
     Tel: 212 425-1900/Fax: 212 425-1901

TO:

     CASEY & BARNETT, LLC
     Attorneys for Plaintiffs
     317 Madison Avenue, 21st Floor
     New York, NY 10017
     Attn: Gregory G. Barnett, Esq.
     (212) 286-0225