**MEMO ENDORSED**

## CASEY & BARNETT, LLC
### ATTORNEYS AT LAW
317 Madison Avenue, 21st Floor
New York, New York 10017

MARTIN F. CASEY*
GREGORY G. BARNETT**
CHRISTOPHER M. SCHIERLOH

Telephone: (212) 286-0225
Facsimile: (212) 286-0261
Web: www.caseybarnett.com

NEW JERSEY OFFICE
Casey & Barnett, LLP
25 Prospect Street
Morristown, NJ 07960

\* Admitted in NY and NJ
\*\* Admitted in NY, NJ, La and OH

Tel: (973) 993-5161
Fax: (973) 539-6409

March 13, 2008

*Via Facsimile: three (3) pages*    (212) 805-7913
The Honorable Peter K. Leisure
U.S. District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/08
```

Re:  *Chiquita and GWF v. MV Bosse etc...; et al.*
     2007 Civ 6786 (PKL)
     Our File: 153-16

Dear Honorable Judge:

We represent plaintiff, Chiquita International Limited, and write the Court jointly with defendants to request an extension of time to the Civil Case Management Plan. This is the second request for an extension.

As the Court will recall this claim involves loss associated with the delay of the MV BOSSE due to it being arrested in Syria. The arrest of the vessel was the result of a fine on the vessel while it was under different ownership. The fine was never paid by the prior owners and as a consequence the vessel was arrested when it called Syria with Chiquita's cargo. As a consequence of the delay associated with the arrest, Chiquita alleges that it had to divert another vessel, the MV KEA, to cover the market the MV BOSSE was originally going to cover. The market that the MV KEA was going to fill therefore sustained a loss.

The parties have thus far been working well together, however discovery has been slowed due to the complexity of the claim. Recently, plaintiff produced over 1800 pages of documents to defendant. The discovery emanated from plaintiff's offices in Bermuda, Costa Rica, Belgium, Switzerland and Italy. Moreover, due to massive layoffs within the last year, it was necessary for plaintiff's counsel to travel to Switzerland and Belgium to obtain this documentation.

One of defendant's defenses is that they acted with due diligence and had warranties from the prior owners that the vessel had no liens against it during the negotiations for the purchase of the vessel. In this regard, defendants produced documentation evidencing the sale of the vessel and a warranty from the prior owner that there were no liens against the vessel. In addition, it

The Honorable Peter K. Leisure
June 16, 2008
Page 2 of 3

has been revealed that there has been a settlement on the defendant's claim against the prior owner for the breach of the warranty. Accordingly, plaintiff has recently requested additional information from defendant concerning, among other things, the negotiation of the purchase of the vessel by defendants in 2004 and the negotiation and settlement of their claim with the prior owners. Plaintiff expects the documentation from this request to be voluminous and that it will require the assistance of defendant's offices in Sweden and of their agents in Italy.

Initial depositions have been requested of individuals located in Sweden, Belgium and Italy. The parties are currently trying to determine how best to depose these representatives which will obviously require an agreement on costs, scheduling and traveling. In addition, plaintiff has requested that defendant execute a Consent Protective Order which defendant has been reviewing.

Lastly, in March the General Counsel of Great White Fleet and Assistant General Counsel and Vice President of Chiquita International Limited fell ill and recently passed away last month. In addition to being a great person and friend, he was with the company for 35 years, handled all maritime matters (including this claim), was an abundance of knowledge and facilitator for both documents and witnesses. Accordingly, without his guidance obtaining the necessary documents and witnesses has been much more difficult.

Due to the recent Second Request for Production of Documents, the difficulty of scheduling depositions in the summer months (especially in Europe) and the international travel that will be required for testimony, the parties request an additional 120 days of discovery. The parties are hopeful that this will be the last discovery request.

Accordingly, the proposed amended case management scheduling plan would be as follows:

Plaintiff's expert disclosures due:   10/31/08;

Defendant's expert disclosures due:   11/30/08;

All depositions completed:   12/31/08;

Requests to Admit completed by:   11/30/08

All discovery completed by:   12/31/08

The Honorable Peter K. Leisure
June 16, 2008
Page 3 of 3

    We also request that the Court conference be rescheduled for sometime after December 31, 2008.

    We appreciate the Court's assistance and patience with this matter and look forward to the Court's comments.

Very truly yours,

*Gregory Barnett*

Gregory G. Barnett

cc: Michael E. Unger *212-425-1901*
FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005

*The case management scheduling plan is hereby amended as stated above. The July 30 pretrial conference is hereby adjourned to January 22, 2009 at 10:00 a.m.*

*6/18/08*

SO ORDERED

*Peter K. Leisure*
USDJ